IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE COOKSON HILLS CHRISTIAN, SCHOOLS, INC., a domestic corporation, ) ) ) Plaintiff, ) ) v. ) ) CHURCH MUTUAL INSURANCE ) COMPANY, S.I., a Stock Insurer, et al., ) ) Defendants. ) | Case No. CIV-25-1099-SLP |

**O R D E R**

On September 22, 2025, Defendant, Church Mutual Insurance Company, S.I. (Church Mutual) filed a Notice of Removal [Doc. No. 1] asserting diversity jurisdiction under 28 U.S.C. § 1332(a). In the Notice, Church Mutual appears to acknowledge that Defendants No Bull Roofing, LLC (NBR) and Jordan Edward Desbien (Desbien) are not of diverse citizenship from Plaintiff. *See* Pet. [Doc. No. 1-2], ¶¶ 3-4. But Church Mutual contends that the citizenship of NBR and Desbien need not be considered. Relying on 28 U.S.C. § 1441(b)(2), Church Mutual argues that NBR and Desbien have not been "properly joined and served." Alternatively, Church Mutual contends that these Defendants have been fraudulently joined.

Plaintiff has filed a Motion to Remand [Doc. No. 13]. According to Plaintiff Desbien had appeared and waived service at the time of removal and, therefore, his consent (which Church Mutual did not obtain) was required pursuant to 28 U.S.C. § 1446(b)(2). Plaintiff does not address any issue of fraudulent joiner.

The forum defendant rule set forth in § 1441(b)(2) is inapplicable where, as here, the parties are not completely diverse.  *See, e.g., Woods v. Ross Dress for Less, Inc.*, 833 F. App'x 754, 758 (10th Cir. 2021) (Section 1441(b)(2) . . . does not qualify the requirement of complete diversity."); *Johnson v. Sanders*, No. CIV-2019-814-R, 2019 WL 4932921 at * 1 (W.D. Okla. Oct. 7, 2019) ("The forum defendant rule is irrelevant when there is no diversity."); *see also McCoy v. Garcia*, No. 22-CV-361-TCK-JFJ, 2023 WL 6535340 at *2 (N.D. Okla. Mar. 3, 2023) (recognizing that the forum defendant rule is an "additional diversity-based removal limitation under § 1441(b)(2)" but that the diversity requirements under § 1332(a) must be satisfied).[1]

Moreover, the fact that NBR and Desbien may not have been properly served is of no consequence to the Court's jurisdictional analysis.  "[T]he citizenship of a named, though unserved, defendant matters for diversity purposes." *Ake v. Central United Life Ins. Co.*, No. CIV-17-539-R, 2017 WL 3105875 at *2 (W.D. Okla. July 21, 2017) (collecting cases); *see also Woods*, 833 F. App'x at 757 ("A defendant's citizenship is part of the diversity analysis regardless of whether the defendant has been served.").[2]

The Court finds that it must ascertain, at the outset, whether NBR and Desbien have been fraudulently joined as the Court has an independent obligation to determine whether

---

[1] The forum-defendant rule is a "separate requirement" that is non-jurisdictional and subject to waiver.  *Brazell v. Waite*, 525 F. App'x 878, 884 (10th Cir. 2013).

[2] The Court acknowledges that Plaintiff argues in its Motion to Remand that Desbien had not been dismissed from the action at the time of removal.  The Court anticipates that Church Mutual will take a contrary position, but its response time has not yet run and that issue has not been fully briefed.  Regardless, NBR remained a party at the time of removal.

subject matter jurisdiction exists "even in the absence of a challenge by any party." *Havens v. Colo. Dep't of Corr.*, 897 F.3d 1250, 1260 (10th Cir. 2018) (internal quotation omitted). If, as Church Mutual asserts in its Notice, these Defendants have been fraudulently joined, then the Court must disregard their citizenship in ascertaining whether complete diversity exists. *See Oliver v. State Farm Fire & Cas. Co.*, 765 F. Supp. 3d 1244, 1248 (W.D. Okla. 2025). But if they have not been fraudulently joined, then it appears remand is required for lack of complete diversity of citizenship. The Court, therefore, directs the parties to submit additional briefing on the issue of fraudulent joinder.

IT IS THEREFORE ORDERED that within fourteen days of this Order, or by November 7, 2025, Plaintiff shall respond to the issue of fraudulent joinder as raised by Church Mutual in its Notice of Removal. Church Mutual shall reply within seven days of the filing of Plaintiff's response.

IT IS SO ORDERED this 24th day of October, 2025.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE