### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THE COOKSON HILLS CHRISTIAN, SCHOOLS, INC., a domestic corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-25-1099-SLP |
| CHURCH MUTUAL INSURANCE COMPANY, S.I., a Stock Insurer, et al., | ) ) ) ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court is Church Mutual Insurance Company's (Church Mutual's) Motion to Disregard Plaintiff's Reply in Support of Motion to Remand [Doc. No. 29] and Exhibit 2 to its Supplemental Brief in Response to Court's Order [Doc. No. 30] or in the Alternative, Church Mutual Requests Leave to File Sur-Reply [Doc. No. 31]. Upon review the Motion is GRANTED in PART and DENIED in PART.

Currently pending before the Court is Plaintiff's Motion to Remand [Doc. No. 13]. The Motion to Remand did not address the issue of fraudulent joinder raised in Church Mutual's Notice of Removal. Because the Court must independently assess subject matter jurisdiction, the Court directed the parties to submit supplemental briefing on the issue of fraudulent joinder. Thus, two sets of briefing submissions are before the Court as to the issue of whether a remand in this action is proper.

Whether the non-diverse Defendants are fraudulently joined turns substantially on the issue of the statute of limitations. Plaintiff did not, however, address the statute of

limitations in its Court-directed supplemental briefing. Instead, Plaintiff addressed that issue in its Reply in support of its Motion to Remand. *See* Doc. No. 29. Plaintiff did so to address the statute of limitations issue raised in Church Mutual's Response to the Motion to Remand. *See* Doc. No. 23. Thus, Plaintiff was entitled to address the issue in reply. *See In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1119 (10th Cir. 2015) ("While it is true that [courts] generally do not review issues raised for the first time in a reply brief, [courts] make an exception when the new issue argued in the reply brief is offered in response to an argument raised in the [response] brief."). The Court further notes that Church Mutual has addressed the statute of limitations issue in their Court-directed supplemental briefing. *See* Doc. No. 24.

Nonetheless, the Court finds a fully developed record is preferred for purposes of determining whether the exercise of subject matter jurisdiction is proper. For that reason, the Court will permit Church Mutual the opportunity to file a limited surreply. But Church Mutual shall narrowly tailor such a surreply to the issues raised in Plaintiff's Reply. *See* Doc. No. 29.

Specifically, Church Mutual's surreply **shall not** address any purported "arguments" raised in Plaintiff's Supplemental Brief filed on November 24, 2025. *See* Doc. No. 30. As Plaintiff's counsel acknowledged in that filing: "In compliance with the Court's order, [the Supplemental Brief] is not submitted for the purpose of making any additional arguments." *Id*. at 30. Church Mutual is incorrect to assert that "Plaintiff did so anyway." Def's. Mot. at 4. And the Court does not intend to construe the Supplemental Brief as raising additional arguments.

IT IS THEREFORE ORDERED that Defendant Church Mutual Insurance Company's Motion [Doc. No. 31] is GRANTED IN PART and DENIED IN PART as more fully set forth.

IT IS FURTHER ORDERED that Defendant Church Mutual shall file a surreply to Plaintiff's Reply [Doc. No. 29] within seven days of the date of this Order, or by December 2, 2025. The surreply shall not exceed seven pages.

IT IS SO ORDERED this 25th day of November, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE