**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| THE COOKSON HILLS CHRISTIAN SCHOOLS, INC., a domestic corporation, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-25-1099-SLP |
| CHURCH MUTUAL INSURANCE COMPANY, S.I., a Stock Insurer, *et al.*, | ) | District Court of Oklahoma County Case No. CJ-2025-1120. |
| Defendants. | ) | |

**O R D E R**

Before the Court is Plaintiff's Motion to Remand and Plaintiff's Supplemental Briefing regarding Fraudulent Joinder. [Doc. Nos. 13, 19]. Defendant Church Mutual Insurance Company, S.I. filed Responses [Doc. Nos. 23, 24], to which Plaintiff filed a Reply [Doc. No. 29], and Defendant filed a Sur-Reply [Doc. No. 33]. For the reasons that follow, Plaintiff's Motion to Remand [Doc. No. 13] is GRANTED.

**I. Introduction**

Plaintiff, a domestic corporation domiciled in Oklahoma, brings suit against multiple Defendants most of whom are not of diverse citizenship, Jordan Edward Desbien ("Desbien") and NoBull Companies, LLC, d.b.a. NoBull Roofing, NoBull Contracting, LLC, d.b.a. NoBull Roofing, and NoBull Roofing (collectively "NBR"), and one of whom is of diverse citizenship, Church Mutual Insurance Company, S.I. ("Church Mutual"). Plaintiff initiated its action in the District Court for Oklahoma County, State of Oklahoma. Church Mutual removed the action to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiff moves to remand this action to state court. Plaintiff contends that subject matter jurisdiction is lacking because the parties are non-diverse and contests the allegations in the Notice of Removal that Defendants NBR and Desbien have been fraudulently joined.

## II. Governing Law

Federal courts are courts of limited jurisdiction, and the party seeking to invoke federal jurisdiction bears the burden of proving the exercise of such jurisdiction is proper. *Becker v. Ute Indian Tribe of Uintah and Ouray Reservation*, 770 F.3d 944, 946-47 (10th Cir. 2014). A defendant may remove a civil action from state court to federal court when the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction based on diversity exists where no plaintiff and no defendant are citizens of the same state and the amount in controversy exceeds $75,000 (exclusive of interest and costs). *See* 28 U.S.C. §§ 1332(a), 1441(b); *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

If a plaintiff joins a nondiverse party fraudulently to defeat federal jurisdiction under § 1332, such fraudulent joinder does not prevent removal. In such cases, the fraudulently joined defendant is ignored for the purpose of assessing complete diversity. *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (citing *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967)); *see also Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (unpublished) ("When [fraudulent joinder] occurs, the district court disregards the fraudulently joined non-diverse party for removal purposes.").

The removing defendant faces a heavy burden of proving fraudulent joinder and all factual and legal issues are resolved in the plaintiff's favor. *Dutcher*, 733 F.3d at 988; *see also Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592 at *1 (10th Cir. Apr. 14, 2000) (The Court must "resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party." (citation omitted)). To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant in state court. *Dutcher*, 733 F.3d at 988.

Under the "actual fraud" prong, a defendant must basically show that plaintiff "lied in the pleadings." *Sanelli v. Farmers Ins. Co.*, No. CIV-23-263-SLP, 2023 WL 3775177 at *2 (W.D. Okla. June 2, 2023) (quotation omitted). Under the "inability to establish a cause of action" prong, the defendant must show that there is "no possibility that plaintiff would be able to establish a cause of action against the joined party in state court." *Montano*, 2000 WL 525592 at *1 (cleaned up). "This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Id.* at *2; *see also Nerad v. AstraZeneca Pharms, Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished) (If there is "a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant" then the case must be remanded.).

## III. **Factual Allegations**

Church Mutual issued an insurance policy to Plaintiff. [Doc. No. 8, at p. 5, ¶ 29]. On October 29, 2019, Plaintiff's property was damaged by a storm that was allegedly covered by the policy. *Id.* at p. 6, ¶ 31. Plaintiff submitted a claim to Church Mutual regarding the property damage, which was partially denied. *Id.* at pp. 6-7, ¶ 36.

On January 5, 2021, Plaintiff purportedly entered into a contract with NBR and Desbien to assess the damage to the property, to work with Church Mutual to adjust the claim, and to repair the property. *Id.* at p. 7, ¶ 39. In relevant part, Plaintiff alleges that NBR and Desbien obtained payment from Plaintiff to complete the repairs but did not make the repairs. *Id.* at pp. 7-10, 16-17. Rather, Plaintiff asserts that NBR and Desbien embezzled the funds and interfered with the insurance contract between Plaintiff and Church Mutual, negatively impacting their ability to recover under the policy. *Id*. Moreover, Plaintiff asserts that NBR and Desbien made fraudulent representations to it regarding the repairs and their dealings with Church Mutual. *Id*.

On May 2, 2022, Plaintiff filed its first state court action against Defendant Church Mutual, which was removed to this Court on May 31, 2022. *See The Cookson Hills Christian Schools, Inc. v. Church Mutual Insurance Co., S.I,* No. CIV-22-444-SLP, Doc. No. 1 (W.D. Okla. May 31, 2022) ("*Cookson Hills I*"). On June 29, 2023, Church Mutual filed a motion, seeking leave to assert crossclaims against NBR and Desbien as third-party defendants on the basis that they had made fraudulent misrepresentations to Church Mutual in assisting Plaintiff with its insurance claim. *Id.* at Doc. No. 31. On February 16, 2024, Plaintiff dismissed its original lawsuit. *Id.* at Doc. No. 39.

On February 14, 2025, Plaintiff refiled its lawsuit in state court, and for the first time asserted claims against NBR and Desbien. [Doc. No. 1-2]. On September 22, 2025, Church Mutual removed the action to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. [Doc. No. 1].

On October 4, 2025, Plaintiff filed an Amended Complaint. [Doc. No. 8]. In relevant part, Plaintiff alleges that Church Mutual wrongfully denied Plaintiff's insurance claim for the damage to its property. *Id.* In addition to its claims against Church Mutual, Plaintiff also asserts claims against NBR and Desbien for fraud, conversion, unjust enrichment, breach of contract, and tortious interference with its contract with Church Mutual. *Id.*

In support of its fraud claim, Plaintiff asserts that Desbien and NBR committed fraud by informing Plaintiff that Desbien on behalf of NBR "would purchase materials for repairs at a lower price . . . [to ensure that] the repairs could be done economically during a time of high inflation, supply chain issues, and material shortages." *Id.* at p. 16, ¶ 87(a). Additionally, Plaintiff alleges that $175,000.00 of the amount it paid Desbien/NBR for the repairs was not used to procure materials or perform the repairs as Desbien/NBR promised. *Id.* at p. 16, ¶ 87(d). Plaintiff alleges that "June 29, 2023, was the first date on which it discovered the potential of wrongdoing by the [NBR] Defendants." *Id.* at p. 4, ¶ 21. Plaintiff asserts that it did not discover NBR and Desbien's fraudulent activities until Church Mutual sought leave to assert its crossclaims of fraud against NBR and Desbien in *Cookson Hills I*. *Id.* at p. 10, ¶ 56.

Church Mutual removed this lawsuit from state court arguing that Desbien and NBR's citizenship should not be considered for purposes of diversity because they had not

been served and the time to do so had expired, and because they were fraudulently joined as Plaintiff's claims against NBR and Desbien were barred by the statute of limitations. [Doc. No. 1]. Plaintiff moved to remand this matter to state court arguing, in relevant part, that NBR and Desbien were not fraudulently joined because its fraud claim was not time barred. [Doc. Nos. 13, 19].

## IV. Discussion

### A. Service issue.

Church Mutual asserts that NBR and Desbien's citizenship should not be considered because Plaintiff has not properly served them and the time to do so has allegedly expired. [Doc. No. 1, at p. 2 (citing Okla. Stat tit. 12, § 2004(I))]. However, as the Court found in its prior Order [Doc. No. 15], the fact that NBR and Desbien may not have been properly served is of no consequence to the Court's jurisdictional analysis for removal. "[T]he citizenship of a named, though unserved, defendant matters for diversity purposes." *Ake v. Central United Life Ins.*, No. CIV-17-539-R, 2017 WL 3105875 at *3 (W.D. Okla. July 21, 2017) (collecting cases); *see also Woods v. Ross Dress for Less, Inc.*, 833 F. App'x 754, 757 (10th Cir. 2021) (unpublished) ("A defendant's citizenship is part of the diversity analysis regardless of whether the defendant has been served."). Thus, the Court need not and does not determine whether NBR or Desbien were properly served for purposes of determining whether the Court has subject matter jurisdiction over this matter.

**B. Church Mutual Has Not Met its Burden to Demonstrate Plaintiff's Inability to Establish a Cause of Action for Fraud.**

Plaintiff's allegations in the Amended Complaint could state a viable claim for fraud under Oklahoma law. Church Mutual argues that remand is not warranted because Plaintiff's claim for fraud is barred by the statute of limitations. In Oklahoma, claims for fraud are subject to a two-year statute of limitations. Okla. Stat. tit. 12, § 95(A)(3). "[T]he cause of action in such case shall not be deemed to have accrued until the discovery of the fraud." *Id.* "'Fraud is deemed to have been discovered when, in the exercise of reasonable diligence, it could have or should have been discovered.'" *Last Chance Mins., Inc. v. BP Am. Prod. Co.*, 2023 OK CIV APP 44, ¶ 36, 539 P.3d 712, 720 (quoting *McCain v. Combined Commc'ns Corp. of Okla., Inc.*, 1998 OK 94, ¶ 8, 975 P.2d 865, 867). "'The discovery rule allows the limitation period in certain tort cases to be tolled until the fraud is discovered or until the date the defrauded party, by the exercise of ordinary diligence, might have recognized the deception.'" *Id.* (quoting *Smith v. Baptist Found. of Oklahoma*, 2002 OK 57, ¶ 8, 50 P.3d 1132, 1137-38). "'[T]he beginning of the running of the statute of limitations is usually to be determined from the facts and circumstances of the particular case; and, where these are such that reasonable men might reach conflicting opinions thereon, the issue is a question for determination by the trier of fact.'" *McDaniel v. Cont'l Cas. Co.*, No. CIV-17-818-W, 2018 WL 8758739, at *5 (W.D. Okla. Feb. 16, 2018) (quoting *Woods v. Prestwick House. Inc.*, 2011 OK 9, ¶ 32, 247 P.3d 1183, 1191 (footnote omitted)).

Church Mutual contends that Plaintiff should have realized NBR and Desbien's purported fraud before February 14, 2023. [Doc. No. 24, at pp. 8-11]. Specifically, Church Mutual argues that on the face of Plaintiff's Amended Petition it is clear that Plaintiff through reasonable means should have discovered the purported fraud because Plaintiff alleges that NBR and Desbien accepted Plaintiff's payment to conduct prompt repairs in January 2021, ceased communicating with Plaintiff after receiving payment, and then absconded with the funds. *Id.* Church Mutual contends that based on Plaintiff's allegations, it could have and should have realized NBR and Desbien's fraud earlier than February 14, 2023. *Id*.

Additionally, Church Mutual argues that Plaintiff should have discovered Desbien's purported fraud because Desbien had been sued for breach of contract and fraud in Tulsa County in September 2022 and filed for bankruptcy in October 2022. *Id.* at p. 11. Moreover, Church Mutual asserts that Plaintiff should have realized NBR's fraud because it was sued for breach of contract in Tulsa County in 2022. *Id*.

Church Mutual has not satisfied its heavy burden of proving fraudulent joinder. Indeed, Church Mutual has failed to show that there "is no possibility that plaintiff would be able to establish a cause of action against the joined party in state court." *Montano*, 2000 WL 525592, at *1 (cleaned up). Resolving all factual and legal issues in Plaintiff's favor, it is not clear from the face of the Amended Petition that Plaintiff's claim for fraud is a barred by the statute of limitations. Plaintiff alleges in its Amended Complaint that "June 29, 2023, was the first date on which it discovered the potential of wrongdoing by the [NBR] Defendants." [Doc. No. 8, at p. 4, ¶ 21]. Plaintiff's assertion that it did not discover

the alleged fraud until June 29, 2023, creates an issue of fact as to when Plaintiff discovered or reasonably could have discovered the purported fraud, which cannot be determined at this juncture. Moreover, merely because Desbien and NBR were sued by different plaintiffs in different lawsuits with different allegations does not necessarily put Plaintiff on notice of the purported fraud Desbien and NBR committed against it. Stated otherwise, Church Mutual's contentions regarding Plaintiff's fraud claim are based on issues that are not capable of summary determination by the Court. Accordingly, the Court lacks subject matter jurisdiction.[1]

## V. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [Doc. No. 13] is GRANTED.[2] This action is remanded to the District Court of Oklahoma County, State of Oklahoma. The Clerk of Court is directed to take all actions necessary to effect the remand.

---

[1] Church Mutual argues that the Court cannot consider new claims in Plaintiff's Amended Petition, such as Plaintiff's breach of contract claim, because they were asserted after removal. However, Church Mutual concedes the Court may consider claims that were asserted prior to removal but amplified in the Amended Petition, such as Plaintiff's fraud clam. [Doc. No. 24, at p. 6]. The Court does not and need not decide whether it can consider Plaintiff's breach of contract claim because the Court concludes that Church Mutual has failed to meet its burden as to Plaintiff's fraud claim. *See, e.g., Montano*, 2000 WL 525592 at *2 ("[R]emand is required if one of the claims against the non-diverse defendant . . . is possibly viable.").

[2] In wholly conclusory fashion, Plaintiff asks the "costs and fees" be awarded based on a lack of any "objectively reasonable basis." *See* Doc. No. 13, at p. 8. Although there is statutory authority for the award of costs and fees, *see* 28 U.S.C. § 1447(c), the Court declines to award the same given Plaintiff's failure to address the issue more fully.

IT IS SO ORDERED this 27th day of August, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**